UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

QUDSIA HAMRAZ and
GOHLAM HAMRAZ,

                        Plaintiffs,                         COMPLAINT

        -against-                          CV# 2018

DIVERSIFIED MAINTENANCE SYSTEMS, LLC,

                        Defendant.

------------------------------------------------X

      Plaintiffs, QUDSIA HAMRAZ and GOHLAM HAMRAZ, through their attorney, HARRY H. KUTNER, JR., as and for their complaint against the defendant, allege:

## JURISDICTION

1. That at all times hereinafter mentioned, plaintiffs were and still are citizens of the United States of America and reside together in Mineola, County of Nassau, State of New York.

2. That at all times hereinafter mentioned and upon information and belief, defendant was and still is a citizen and resident of Birmingham, County of Jefferson, State of Alabama.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

3. That at all times hereinafter mentioned and upon information and belief, defendant was and still is a limited liability company with an office for the conduct of its business located at Birmingham, County of Jefferson, State of Alabama.

4. That this court has jurisdiction of this cause under and by virtue of 28 USC § 1332(a)(1).

### JURY DEMAND

5. That plaintiffs demand a trial by jury of all issues.

### AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF, QUDSIA HAMRAZ

6. That at all times hereinafter mentioned, plaintiff was an employee of Sears in its Lake Success, New York store.

7. That at all times hereinafter mentioned and upon information and belief, defendant was a contractor supplying cleaning, maintenance, and repair services to Sears.

8. That upon information and belief and on or before March

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

15, 2018, Sears directed defendant to perform some cleaning, maintenance, and repair services in its Lake Success store.

9. That upon information and belief, said services were directed to be performed on March 15, 2018 beginning at 5:00 a.m.

10. That plaintiff was assigned to open the store.

11. That plaintiff was assigned to admit defendant's employee.

12. That on said date, plaintiff opened the store.

13. That on said date, plaintiff admitted defendant's employee.

14. That upon information and belief, defendant's worker was supposed to service the floor.

15. That during defendant's employee' work, he poured a liquid chemical agent on the floor.

16. That defendant's employee did not cordon off the area,

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -3-

nor erect warning signs, nor prevent access to the area.

17. That upon information and belief, said liquid chemical agent was manufactured by ECOLAB under the tradename, "Bright Blast Floor Finish Stripper."

18. That upon information and belief, said liquid chemical agent was highly caustic, toxic and dangerous to humans.

19. That upon information and belief, said liquid chemical agent was supposed to be diluted before use.

20. That upon information and belief, defendant's employee did not dilute the liquid chemical agent.

21. That defendant's employee ordered plaintiff to move a merchandise display rack away from the area where he had poured the liquid chemical agent.

22. That the liquid chemical agent seeped and spread over the floor.

23. That as plaintiff moved the merchandise display rack, she

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

was caused to slip and fall by the liquid chemical agent.

24. That as a result of the foregoing, plaintiff fell into the liquid chemical agent.

25. That as a result of the foregoing, plaintiff suffered catastrophically severe chemical burns.

26. That said injuries were caused by the negligence of defendant, consisting *inter alia* of: failing to dilute the liquid chemical agent; failing to follow the manufacturer's "Directions for Use;" failing to follow common sense in cordoning off area where liquid chemical agent was applied; failing to warn plaintiff of the extreme health dangers posed by the liquid chemical agent; applying the liquid chemical agent while people were in close proximity; failing to warn plaintiff of the dangers from the toxic liquid chemical agent; failing to warn plaintiff to stay far away from the liquid chemical agent; failing to follow federal and state laws, regulations and rules for use of the liquid chemical agent; failing to follow OSHA regulations in using such liquid chemical agent; failing to properly train employees using such liquid chemical agent as to the first and measures to be taken in the event of human contact; failing to warn people nearby to stay far away from

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

such liquid chemical agent so its toxic and eye-lung inflammatory fumes would not injure them;

post-contact with liquid chemical agent;

unsympathetically, caustically, and mercilessly accusing plaintiff of deliberately "falling" into the liquid chemical agent in order to recover money damages; refusing to give plaintiff instructions as to first aid treatment to undertake; refusing to tell plaintiff what type liquid chemical agent was involved; refusing to tell plaintiff that she should immediately remove her liquid chemical agent-drenched clothing and repeatedly douse affected body parts with water; refusing to summon "911" for emergency medical assistance; refusing to tell emergency responders arriving as a result of a third party's "911" call of the nature, dangers, and recommended treatment for the liquid chemical agent;

continuing non-stop to nastily taunt, ridicule, and scoff at plaintiff's suffering and injuries; refusing to reveal the location of or retrieve the container from which the liquid chemical agent was poured until threatened by police officers (only then revealed); trying to pack up all

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

equipment and leave the scene until stopped by police and made to stay there;

creating a latent dangerous condition and situation; failing to take steps before, during, and after plaintiff's contact with the liquid chemical agent to prevent-protect, treat, or alleviate her injuries;

disregarding known dangers from the highly toxic liquid chemical agent; otherwise giving profits precedence over safety to innocent third parties in not incurring the costs of adequate training of employees before allowing them to use such toxic substances;

operating business in a reckless and grossly negligent manner; operating business in defiance of federal and state safety standards, especially OSHA; after refusing to warn plaintiff of dangers from proximity to the liquid chemical agent, then unemotionally standing by and allowing her injuries to grievously worsen, while refusing to reveal critical information as to the substance' nature and emergency treatment for it; conducting a business in a malicious, wanton, and grossly reckless manner so as to cause and then grievously aggravate plaintiff's injuries.

.RRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

27. That as a result of the foregoing, plaintiff has been rendered grievously burned, lame and disabled with accompanying agonizing pain and unrelenting suffering.

28. That as a result of the foregoing, plaintiff has been confined to the hospital, to her bed, and to her home for extended, lengthy and considerable periods of time.

29. That as a result of the foregoing, plaintiff was obliged to and did necessarily employ medical, surgical, nursing, and therapeutic aid and attendance and did necessarily pay and become liable therefor and will hereafter incur further expenses of similar nature.

30. That as a result of the foregoing, plaintiff has lost time from work and her family, and was unable to carry on her usual daily activities.

31. That as a result of the foregoing, plaintiff has suffered and has been subject to fright, repeated and constant recollections, nightmares, shock and mental and emotional disturbance and emotional stress.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

32. That as a result of the foregoing, plaintiff has suffered severe and lasting injuries of a permanent nature.

33. That as a result of the foregoing, plaintiff demands that judgment be entered against defendant for compensatory damages in the sum of TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000.00) DOLLARS, plus punitive damages in the sum of TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000.00) DOLLARS based on defendant's intentional, grossly negligent, and/or reckless conduct, and for any such other and further relief which is just, equitable, and proper.

## AS AND FOR A SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF, GOHLAM HAMRAZ

34. That plaintiff, GOHLAM HAMRAZ, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" as though more fully set forth herein at length.

35. That plaintiffs were married on the 7th day of April, 1987, and at all times hereinabove specified are still married and live together as husband and wife.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

36. That as a result of the injuries to his wife, plaintiff has suffered mental anguish by being forced to witness the injuries and suffering endured by her, and has been required to remain at home and care for her for long periods of time, and has been deprived of her care, protection, consideration, companionship, aid, sexual relations, solace, society and help, which will continue in the future.

37. That as a result of the foregoing, plaintiff demands that judgment be entered against defendant in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, and for any such other and further relief which is just, equitable, and proper.

WHEREFORE, plaintiffs demand that judgment be entered against defendant:

    a. on the first claim for relief in favor of plaintiff, QUDSIA HAMRAZ, for compensatory damages in the sum of TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000.00) DOLLARS, and for punitive damages in the sum of TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000.00) DOLLARS;

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

      b.    on the second claim for relief in favor of plaintiff, GOHLAM HAMRAZ, in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS;

      c.    plus costs and disbursements; and

      d.    for any such other and further relief which is just, equitable, and proper.

Dated: Mineola, New York
       March 27, 2018

_____
HARRY H. KUTNER, JR., ESQ.
Attorney for plaintiffs (K 9497)
136 Willis Avenue
Mineola, New York  11501
(B) (516) 741-1400

UNITED STATES DISTRICT COURT   EASTERN DISTRICT OF NEW YORK
**COURT**
STATE OF NEW YORK, COUNTY OF                      Index No.            Year

QUDSIA HAMRAZ and GOHLAM HAMRAZ,

                    Plaintiffs,

         -against-

DIVERSIFIED MAINTENANCE SYSTEMS, LLC,

                    Defendant.

### SUMMONS AND COMPLAINT

HARRY H. KUTNER, JR.

*Attorney(s) for*    Plaintiffs

*Office and Post Office Address, Telephone*
136 WILLIS AVENUE
MINEOLA, NEW YORK 11501
(B) 516-741-1400
(F) 516-741-8712

**To**

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                          of which the within is a true copy
will be presented for settlement to the HON.                           one of the judges of the
within named Court, at
on                          at                M.
Dated,

                                        Yours, etc.

                                        HARRY H. KUTNER, JR.